**ORAL ARGUMENT NOT REQUESTED**
No. 24-3043

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

KENYA WATKINS,

Plaintiff-Appellant

v.

GENESH, INC., DBA BURGER KING,

Defendant-Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

The Honorable Judge Kathryn H. Vratil - No. 2:22-CV-02273-KHV-BGS

---

BRIEF FOR GENESH, INC. AS APPELLEE

---

Charles D. Lee, KS Bar 10277
Myndee M. Lee, KS Bar No. 20365
6731 West 121st - Suite 421
Overland Park, KS 66209
V 913.601.7708
clee@leeschwalb.com
mlee@leeschwalb.com
Attorneys for Defendant/Appellee

# TABLE OF CONTENTS

1.  Table of Authorities ....................................................iii

2.  Prior or Related Appeals ...........................................v

3.  Statement of Jurisdiction...........................................1

4.  Statement of the Issues ............................................1

5.  Statement of the Case ..............................................1

    A.  Statutory Background........................................1

    B.  Factual Background...........................................1

    C.  Procedural Background ....................................3

6.  Summary of the Argument .......................................3

    A.  Standard of Review..........................................3

    B.  Plaintiff's Claims are Time-Barred ....................3

    C.  Plaintiff's Claims are Barred by Res Judicata Principles...4

7.  Argument ..............................................................4

    A.  Introduction ....................................................4

    B.  The Historical Context......................................4

    C.  The District Court Correctly Determined Plaintiff's
        Complaint Was Untimely .....................................5

    D.  Plaintiff's Claims Are Barred by Res Judicata Principles..8

8.  Conclusion ............................................................10

9.  Statement Regarding Oral Argument ........................................ 12

10. Certificate of Digital Submission ............................................. 13

11. Certificate of Compliance .......................................................... 14

12. Certificate of Service ................................................................. 15

# TABLE OF AUTHORITIES

## CASES

Teigen v. Renfrow,
    511 F.3d 1072, 1078 (10th Cir. 2007) ..........................................3

Christy Sports LLC v. Deer Valley Resort Co.,
    555 F.3d 1188, 1191 (10th Cir. 2009) ..........................................3

Carlile v. S. Routt Sch. Dist. RE 3-J,
    652 F.2d 981, 985 (10th Cir. 1981)..............................................6

Brown v. Unified Sch. Dist. 501,
    465 F.3d 1184, 1186 (10th Cir. 2006)..........................................7

Soso Liang Lo v. Pan Am. World Airways Inc.,
    787 F.2d 827, 828 (2d Cir. 1986) ..........................................7, 8

Rivera-Diaz v. Humana Ins. of Puerto Rico Inc.,
    748 F.3d 387, 391 (1st Cir. 2014) ..............................................7

Spears v. Mo. Dep't of Corr. Human Res.,
    210 F.3d 850, 853 (8th Cir. 2000)..............................................7

Rivet v. Regions Bank of Louisiana,
    522 U.S. 470, 474 (1998) ...........................................................9

Hatch v. Boulder Town Council,
    471 F.3d 1142, 1150 (10th Cir. 2006)........................................10

Clark v. Haas Group Inc.,
    953 F.2d 1235, 1238 (10th Cir. 1992) ......................................10

## STATUTES

28 U.S.C. § 1331.......................................................................... 1

28 U.S.C. § 1291.......................................................................... 1

42 U.S.C. § 2000e-5 ................................................................. 1, 6

42 U.S.C. § 2000e-5(f)(1) ......................................................... 1, 3, 4

42 U.S.C. § 2000e-2 ................................................................. 5

## REGULATIONS

- 29 C.F.R. § 1601.18 ........................................................ 6
- 29 C.F.R. § 1601.28 ........................................................ 6

## PRIOR OR RELATED APPEALS

*Watkins v. Genesh, Inc.*, No. 21-3077, (10th Cir. 2024)

## STATEMENT OF JURISDICTION

This appeal is from a final judgment in a civil case. The district court had jurisdiction under 28 U.S.C. 1331. That court entered final judgment on February 9, 2024. *A. Vol. I at 31*. This Court has jurisdiction under 28 U.S.C. 1291.

## STATEMENT OF THE ISSUES

This case addresses two key issues:

1. Did the District Court correctly conclude that Plaintiff's complaint was untimely under 42 U.S.C.A. § 2000e-5?

2. Was Plaintiff's complaint barred by res judicata principles?

## STATEMENT OF THE CASE

### A. Statutory Background

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, or national origin. Under 42 U.S.C. § 2000e-5, a plaintiff must file a lawsuit within 90 days of receiving an EEOC right-to-sue letter.

### B. Factual Background

Kenya Watkins was employed by Genesh, Inc., a Burger King franchisee, as a cashier and crew member from August 14, 2014, to August 23, 2015. Watkins alleged that her supervisor, Michael Jackson, subjected her to sexual harassment during this period.

Watkins filed a Charge of Discrimination with the EEOC on July 22, 2019. The charge covered alleged discriminatory actions from August 14, 2014, to December 27, 2018, and included allegations of harassment, hostile work environment, and retaliation.

The EEOC issued a "Notice of Right to Sue" on July 12, 2021, informing Watkins that she had 90 days to file a lawsuit. Watkins did not file the present lawsuit until July 14, 2022, well beyond the 90-day limit. Defendant argued, and the District Court agreed, that Watkins' claims were time-barred due to the delay in filing her lawsuit following the EEOC's notice.

Watkins sought to avoid dismissal by arguing that the EEOC issued a second right to sue letter less than 90 days before the present suit was filed. But the District Court concluded that the second letter was based upon the same facts and claims presented to the EEOC in advance of the first letter and, accordingly, the second right to sue letter did not salvage Watkins' claim or remedy her failure to timely file suit after issuance of the original right to sue letter.

The District Court dismissed Watkins' lawsuit as time-barred under Title VII, concluding that she failed to file her claim within the required 90-day period following the first EEOC right-to-sue notice.

## C. Procedural Background

Watkins filed her Charge of Discrimination on July 22, 2019, with a Notice of Right to Sue issued on July 12, 2021. Despite this, she filed the lawsuit on July 14, 2022. The Defendant moved to dismiss based on res judicata and the statute of limitations. The District Court granted the motion on the basis of the latter without substantively addressing the former.

## SUMMARY OF THE ARGUMENT

### A. Standard of Review

This Court reviews the grant of a Rule 12(b)(6) motion to dismiss *de novo. Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir.2007). In doing so, the Court asks whether there is "plausibility in [the] complaint." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

### B. Plaintiff's Claims Are Time-Barred

This case presents a fundamental question of statutory compliance: Can a plaintiff, having received a notice of right to sue, neglect the statutory deadline and then expect to resurrect their claims under the guise of a new filing? The answer, firmly rooted in the text and structure of Title VII, is no.

Watkins's claims are time-barred under 42 U.S.C. § 2000e-5(f)(1). The statutory 90-day deadline is strictly enforced. Watkins's reliance on a

second right-to-sue letter does not reset this deadline, as courts have consistently rejected attempts to extend the filing period by obtaining additional right-to-sue letters.

## C. Plaintiff's Claims Are Barred By Res Judicata Principles

The District Court did not address res judicata due to its ruling on the timeliness issue. However, the principles of res judicata would independently bar Watkins's claims, as they arise from the same facts and transaction previously litigated in her earlier racial discrimination lawsuit against Genesh.

## ARGUMENT

## A. Introduction

Plaintiff's claim fails for two reasons — an untimely complaint and familiar principles of res judicata. As to the first, Plaintiff failed to file suit on her Title VII claim within the 90-day window permitted under 42 U.S.C. § 2000e–5(f)(1). In relation to the second, *res judicata* bars Plaintiff's claims because this case is simply an attempt to resurrect an earlier one, also dismissed by the trial court, which alleged the same facts asserted here but packaged the claims under the rubric of racial discrimination.

## B. The Historical Context

The Title VII prohibition on sex discrimination is rooted in the Civil

Rights Act of 1964, a landmark piece of federal legislation in the United States that aimed to end segregation in public places and banned employment discrimination on the basis of race, color, religion, sex, or national origin. Title VII specifically addresses employment discrimination.

Title VII was enacted as part of the Civil Rights Act of 1964, signed into law by President Lyndon B. Johnson on July 2, 1964. The provision is codified at 42 U.S.C. § 2000e-2 and makes it unlawful for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

## C. The District Court Correctly Determined Plaintiff's Complaint Was Untimely

Under § 706(e) of Title VII of the Civil Rights Act of 1964 (Act), a complainant must file a discrimination charge with the Equal Employment

Opportunity Commission (EEOC) within 180 days of the occurrence of the alleged unlawful employment practice, or within 300 days if the proceedings are initially instituted with a state or local agency having "authority to grant or seek relief." 42 U.S.C. § 2000e-5(e).

If the EEOC determines that there is no reasonable cause to believe discrimination occurred, it will issue a "Dismissal and Notice of Rights" letter (also known as a "right-to-sue" letter). 29 C.F.R. § 1601.18; 29 C.F.R. § 1601.28. This allows the individual to file a lawsuit in federal court. Alternatively, if the EEOC finds reasonable cause but is unable to reach a settlement, it will issue a "Letter of Determination" and may file a lawsuit on behalf of the complainant. *Id*. If the EEOC does not file suit, it will issue a right-to-sue letter.

After receiving the right-to-sue letter, the individual has 90 days to file a lawsuit in federal court. The failure to commence an action within that period is dispositive. "Thus, we hold that the 90-day filing requirement is jurisdictional, subject to potential equitable tolling. . . ." *Carlile v. S. Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 985 (10th Cir. 1981).

In the case at hand, Watkins received a right to sue letter July 12, 2021. But her lawsuit against Genesh alleging actionable sexual discrimination under Title VII was not filed until July 14, 2022. *A. Vol. 1 at 9*.

Watkins's claims are unequivocally time-barred. Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file a lawsuit within 90 days of receiving an EEOC right-to-sue letter. Watkins failed to do so. The 90-day deadline is not a suggestion but rather a statutory requisite, rigorously enforced by the courts. As the Tenth Circuit held in *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006), claims not filed within this window are irrevocably lost. This principle has been consistently upheld in federal jurisprudence, as seen in *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) and *Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 391 (1st Cir. 2014).

Watkins argues that a subsequent right-to-sue letter issued on April 26, 2022 in conjunction with a separate charge salvages her claim. But as understood and made clear by the District Court, the second notice was substantively identical to the first and was a product of the EEOC's consideration of the same facts it was presented and considered in advance of its issuance of the original right to sue letter. It accordingly did not reset the clock. Courts, including the Eighth Circuit in *Spears v. Mo. Dep't of Corr. Human Res.*, 210 F.3d 850, 853 (8th Cir. 2000), have consistently held that a second right-to-sue letter does not revive claims that are already time-barred. The reasoning behind this is clear: allowing such practices

would render the statutory deadline meaningless, permitting plaintiffs to indefinitely extend the filing period by securing additional right-to-sue letters.

> The second Notice is concededly based upon a charge involving exactly the same facts as the first Notice. We hold that whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue. Otherwise, the time limitations of 42 U.S.C. § 2000e–5(f)(1) would be meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased.

*Soso Liang Lo, supra* at 828.

Despite receiving the right to sue notice on July 12, 2021, the plaintiff filed the lawsuit on July 14, 2022, almost a year after receiving the notice. The lawsuit was thus time-barred (An action must be commenced ". . . within ninety days after the giving of such notice."). 42 U.S.C.A. § 2000e-5.

## D. Plaintiff's Claims Are Barred By Res Judicata[1]

This is the second time Plaintiff Watkins has sued Genesh alleging the same operative facts. In 2019, after receipt of a right-to-sue letter from the EEOC, Plaintiff sued Genesh in the District of Kansas alleging racial discrimination under 42 U.S.C. § 1981 (the "First Case"). Her complaint in the First Case recited and relied upon events characterized as racially

---

[1] Because of its dispositive conclusion that plaintiff's complaint was untimely, the District Court did not address Genesh's posited defense that her claim was precluded by principles of res judicata.

discriminatory that allegedly occurred during the period beginning August 14, 2014 and ending August 23, 2015.[2] Because Plaintiff was unable to identify facts that supported her claims of racial discrimination, Genesh moved for dismissal resulting in dismissal of the First Case with prejudice. Watkins appealed the dismissal to this Court but then voluntarily dismissed the appeal.[3]

This case (the "Present Case") is the First Case redux and an archetypical example of an impermissible second bite at the apple. It recites verbatim and is predicated upon the identical factual allegations in the First Case and simply repackages the Plaintiff's claims under the guise of sex discrimination. As a consequence, the action is plainly barred by familiar principles of res judicata.

Res judicata, or claim preclusion, prohibits the relitigating of claims that were or could have been raised in a prior action between the same parties. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998). The Tenth Circuit applies the transactional approach, barring all claims arising out of the same transaction or series of connected transactions previously litigated. "Under the transactional test, a new action will be permitted only

---

[2] Case No. 2:19-CV-02486. *See* Appendix Vol. 1 at 1 (complaint filed August 19, 2019).

[3] *See* Appendix Vol. 1 at 14.

where it raises *new and independent* claims, not part of the previous transaction, based on the new facts." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) (emphasis in original). Here, the plaintiff merely repackages the same facts previously asserted under a different legal theory—this time as sex discrimination rather than race discrimination. Res judicata prevents plaintiffs from defeating its application by merely alleging new legal theories. "Inasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992).

Watkins's attempt to relitigate the same facts under a different legal theory—this time as sex discrimination rather than race discrimination—runs afoul of established res judicata principles. The dismissal with prejudice of the factually identical First Case eviscerates Watkins' claim here.

## CONCLUSION

Watkins' claims are unequivocally barred under the strict statutory deadlines imposed by Title VII and recognized res judicata principles. The 90-day deadline to file a lawsuit following an EEOC right-to-sue notice is a mandatory jurisdictional requirement that Watkins failed to meet.

Moreover, the district court's dismissal of Watkins' suit was proper given the clear precedent that prohibits the relitigating of claims arising from the same set of facts, even when presented under a different legal theory. There is no basis for the present action to proceed. The judgment of the district court should therefore be affirmed.

Dated August 30, 2024
Overland Park, Kansas

Respectfully submitted,

**LEE SCHWALB LLC**
By/s/Myndee M. Lee
Charles D. Lee, KS Bar 10277
Myndee Lee, KS Bar No. 20365
6731 West 121st - Suite 421
Overland Park, KS 66209
V 913.601.7708
clee@leeschwalb.com
mlee@leeschwalb.com
Attorneys for Defendant/Appellee

## STATEMENT REGARDING ORAL ARGUMENT

Genesh does not request oral argument.

## CERTIFICATE OF DIGITAL SUBMISSION

I certify that the electronic version of the foregoing BRIEF FOR GENESH, INC. AS THE APPELLEE, prepared for submission via ECF, complies with the following requirements.

1.  All required privacy redactions have been made under Federal Rule of Appellate Procedure 25(a)(5) and Tenth Circuit Rule 25.5;

2. With the exception of any redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the clerk; and

3. The ECF submission has been scanned for viruses with the most recent version of Cylance PROTECT (Version V3)) and is virus-free according to that program.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because it contains 2164 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared in Georgia 14-point font using Microsoft Word for Microsoft 365.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 30, 2024 I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certified that I electronically mailed the foregoing to:

> Aaron C. Mckee
> MCKEE LAW, L.L.C.
> 222 South Cherry Street
> Olathe, Kansas 66061
> Phone: (913) 768-6400
> Facsimile: (913) 768-6420
> [aaronmckee@ksmoemploymentlaw.com](mailto:aaronmckee@ksmoemploymentlaw.com)

> /s/Myndee M. Lee
> Charles D. Lee, KS Bar 10277