No. 24-3043

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

KENYA WATKINS,
Plaintiff-Appellant,

v.

GENESH, INC. d/b/a BURGER KING,
Defendant-Appellee

---

## APPELLANT'S REPLY BRIEF

---

Appeal from the Unites States District Court for the District of Kansas
(United States District Court Case No. 2:22-CV-02273)
The Honorable Kathryn H. Vratil, United States District Judge

---

Respectfully submitted,

Aaron C. McKee, KS # 20889
MCKEE LAW, L.L.C.
222 South Cherry Street
Olathe, Kansas 66061
Phone: (913) 768-6400, Fax: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com

ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENTS AND AUTHORITIES ...................................................................1

    A.    Appellant timely filed her lawsuit within 90 days of her 2022 RTS letter....1

    B.    Appellant's claims are not barred by res judicata..........................................8

CONCLUSION .....................................................................................................9

CERTIFICATE OF COMPLIANCE.....................................................................10

CERTIFICATE OF SERVICE .............................................................................11

**Cases**

*Brown v. Unified Sch. Dist. No. 501*, 465 F.3d 1184 (10th Cir. 2006) (*Brown II*)..2

*Jorge v. Rumsfeld*, 404 F.3d 556 (1st Cir.2005) ......................................................2

*Rivera-Díaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387 (1st Cir. 2014) 2, 4

*Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827 (2nd Cir. 1986)..4, 5

*Spears v. Mo. Dep't of Corrs. & Human Res.*, 210 F.3d 850 (8th Cir. 2000)..........4

*United Air Lines, Inc v. Evans*, 431 U.S. 553 (1977) ...............................................3

**Statutes**

42 U.S.C. § 2000e–5................................................................................................2

Kan. Stat. § 44-1005 ...............................................................................................2

## INTRODUCTION

The legal system is not intended to be full of tricks and traps. If people follow the rules, they should not be penalized. If they follow a Judge's Order, they should not be punished.

Appellee is confused by Appellee's position. Appellee skipped the exhaustion analysis and jumped straight to the conclusion that Appellant was required to file her lawsuit based on her 2019 Charge/2021 RTS letter. Appellant timely filed her lawsuit based on her 2016 Charge/2022 RTS letter assigned EEOC case number 28D-2016-00190C. [A.V. 166-170]. She chose not to file a lawsuit based on her 2019 Charge/2021 RTS letter assigned EEOC case number 563-2019-02638. [A.V. 159-165]. As originally set forth in her Response to Defendant's Motion to Dismiss, her allegations from her 2016 Charge were background for her 2019 Charge. [A.V.140-147].

Appellee alleged that Appellant's claims were not timely filed, and, alternatively, that they were barred by res judicata. Appellee, however, did not provide any support similar to the current situation.[1] Appellee does not address the timeliness of Appellant's individual claims filed with the EEOC. Appellee does not mention Judge Robinson's Order specifically preserving Appellant's claims.

## ARGUMENTS AND AUTHORITIES

**A.    Appellant timely filed her lawsuit within 90 days of her 2022 RTS letter.**

Here, Appellant filed two (2) charges of discrimination. The following chart summarizes the applicable dates for Appellant's first and second charges:

---

[1] The trial court did not cite to any case law with facts similar to this case.

1

|  | 1st Charge ("2016 Charge") | 2nd Charge ("2019 Charge") |
|---|---|---|
| **Charge Number** | 28D-2016-00190[2] | 563-2019-02638[3] |
| **Date Charge Filed** | January 25, 2016 | July 23, 2019 |
| **Event Dates** | 2015 and 2016 | December 2018 |
| **Employer** | Defendant | Church's Chicken |
| **Date of RTS Letter** | April 26, 2022[4] | July 12, 2021[5] |

The facts of this case are significantly different than the case law relied on by the trial court and Appellee concluding that Appellant did not timely file her lawsuit.



Prior to filing a lawsuit, every discrete unlawful act must be separately exhausted.[6] Exhaustion has two (2) requirements, and both must be met.[7] *See Brown v. Unified Sch. Dist. No. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006) (*Brown II*); *see also Rivera-Díaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 389-90 (1st Cir. 2014). First, a charge must be filed with the KHRC within 180 days or with the EEOC within 300 days of each alleged unlawful act. *See* Kan. Stat. § 44-1005(i); *see also* 42 U.S.C. § 2000e–5(e)(1). Second, a RTS letter must be issued for each alleged unlawful act. *See Brown II*, 465 F.3d 1184 at 1186. Any untimely alleged acts included in a charge may only be considered as

---

[2] A.V. 166-170.
[3] A.V. 159-163.
[4] A.V. 171-172.
[5] A.V. 164-165.
[6] Appellant's Opening Brief uses the term "exhaust" and/or "exhaustion", twenty-four (24) times. Appellee did not evaluate exhaustion in its Motion to Dismiss or in its Opening Brief.
[7] "Rather, a would-be plaintiff must first exhaust his administrative remedies. This task embodies 'two key components: the timely filing of a charge' with the EEOC and the receipt of a right-to-sue letter from the agency.'" *Rivera-Díaz*, 748 F.3d 387 at 389-90 (1st Cir. 2014) (quoting *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir.2005)).

background. *See United Air Lines, Inc v. Evans*, 431 U.S. 553, 558 (1977). Logically, a RTS letter can only exhaust the alleged unlawful acts that were timely filed in the specific charge.

Here, Appellee ignored the proper timeliness analysis. The EEOC was correct issuing two (2) RTS letters. The 2021 RTS letter for timely filed allegations in her 2019 Charge, and the 2022 RTS letter for timely filed allegations in her 2016 Charge. Appellant filed her 2019 Charge on July 23, 2019, and only the alleged unlawful acts that occurred within 300 days of the date her 2019 Charge was filed were timely (also referred to as "exhaustion"). Appellant's 2019 Charge could reach back only 300 days to September 26, 2018. Any alleged unlawful acts in Appellant's 2019 Charge occurring prior to September 28, 2018, were not timely filed in her 2019 Charge and could not be exhausted by the 2021 RTS letter. However, any alleged unlawful acts occurring prior to September 26, 2018, included in her 2019 Charge, could serve as background. The EEOC could only issue a RTS letter for Appellant's 2016 Charge that were timely filed, and until Appellant received her 2022 RTS letter the alleged unlawful acts in her 2016 Charge could not be subject to a lawsuit. Therefore, the alleged unlawful acts in Appellant's 2016 Charge could only be exhausted when the EEOC issued its 2022 RTS letter.

This is supported by the fact that the EEOC assigned different case numbers for Appellant's 2019 Charge/2021 RTS letter and her 2016 Charge/2022 RTS letter. Appellant's 2019 Charge/2021 RTS letter based on Appellant working at Church's

Chicken for acts in or around December 2018 was assigned case number 562-2019-02638.[8] [A.V. 159-165]. Appellant's 2016 Charge/2022 RTS letter based on Appellant working at Genesh was assigned case number case number 28D-2016-00190C. [A.V. 166-170].

Appellee cites a few cases, but they are factually different. In *Rivera*, the First Circuit found that (1) Rivera's discrimination claims were not timely filed within 90 days of her First RTS letter; and (2) Rivera's retaliation claims, filed in a Second Charge after her First RTS letter expired, were not timely filed with the EEOC. *Rivera-Díaz*, 748 F.3d 387 at 389. In *Spears*, the Eighth Circuit found that any acts in the Spears' First Charge were time barred by her First RTS letter, but that the new retaliatory acts in Spears' Second Charge did not make a prima facie case because she could not establish any adverse employment action (not for being untimely). *Spears v. Mo. Dep't of Corrs. & Human Res.*, 210 F.3d 850 (8th Cir. 2000). In *Soso Liang Lo*, the Second Circuit found that a lawsuit was time-barred because the **second RTS letter** was based on "**exactly the same facts** as the first Notice" that had expired. *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2nd Cir. 1986)[9] (emphasis added).



---

[8] Appellee's Brief does not mention Appellant's employment at Church's Chicken.
[9] Further, *Soso Liang Lo* did not mention if the Plaintiff had filed one (1) or two (2) charges. *See Soso Liang Lo*, 787 F.2d 827 at 828. It appears that the Plaintiff may have simply requested a second RTS letter after the first one expired. *See id.* Based on the facts, it must be assumed that the First RTS letter and Second RTS letter were assigned the same EEOC case number. Soso Liang Lo conceded that the facts were exactly the same.

In the cases cited by Appellant the Plaintiffs were trying to "game the system" by resurrecting expired claims by filing Second Charges or requesting a Second RTS letter. Appellant did not file her 2019 Charge attempting to resurrect unlawful acts from her 2016 Charge. In fact, Appellant's 2016 Charge was already on file when the EEOC issued its 2019 Charge/2021 RTS letter (her 2016 Charge went into conciliation). Appellant chose not to file a lawsuit based on the timely claims in her 2019 Charge/2021 RTS letter. Instead, choosing to pursue her timely filed unlawful acts in her 2016 Charge/2022 RTS letter.

Appellee chose not to respond, dispute or controvert Appellant's contention that her 2016 Charge and 2019 Charge were ***not*** based on "exactly the same facts".[10] The facts could not have been "exactly the same facts" when Appellant's Charges were filed nearly three (3) years apart and for alleged unlawful acts that occurred at two (2) different employers. Instead, Appellee suggests that Appellant's 2016 Charge and 2019 Charge were "substantively identical". Appellee's response Brief for Genesh, Inc. as Appellee at 7. However, Appellee ignores that Appellant's 2016 Charge and 2019 Charge were not based on "***exactly the same facts***". Although the scenarios in Appellee's cited cases were different, the same logic should apply, that each alleged unlawful act must be viewed in the appropriate context and individually evaluated for timeliness. Appellee's position ignores any evaluation of timeliness in her 2016 Charge/2022 RTS letter and her 2019

---

[10] Appellant's Opening Brief uses the term "exactly" thirteen (13) times. "Appellant's 2016 Charge/2022 RTS was based on Appellee's unlawful acts in 2014 and 2015 while Appellant was employed by Appellee, Burger King. Appellant's 2019 Charge/2021 RTS was based on Appellant's employment at a subsequent employer, Church's, for unlawful acts in December 2018." See Appellant's Opening Brief. Defendant's brief mentions the term "exactly" only one (1) time, and only when quoting *Soso Liang Lo*. Appellee's response Brief for Genesh, Inc. as Appellee at 8 (quoting *Soso Liang Lo*, 787 F.2d 827 at 828).

Charge/2021 RTS letter. Appellant could only file her lawsuit when she obtained her 2022 RTS letter.

Appellee states that Courts "have consistently held that a second right-to-sue letter does not revive claims that are already time-barred." Appellee's response Brief for Genesh, Inc. as Appellee at 7. Yet, Appellee does not identify any expired claims Appellant purportedly was trying to revive by filing a second charge. Appellee does not mention that Appellant's 2016 Charge was still pending when her 2019 Charge/2021 RTS letter was issued, so there were no claims from Appellant's 2016 Charge to resurrect. Appellee did not identify any specific claims that Appellant was purportedly attempting to resurrect by filing a second charge because she did not file a second charge after receiving her 2021 RTS letter. Appellee made no such argument because Appellant did not file a second charge after the expiration of any RTS letter. Appellant's 2016 Charge went into conciliation and she waited for her 2016 Charge to finish conciliation, and when her 2016 Charge was not resolved her 2022 RTS letter was issued by the EEOC (with the same case number as her 2016 Charge). [A.V. 171-172].

Appellee alleges that Appellant's 2021 RTS letter was "a product of the EEOC's consideration of the same facts it was presented and considered in advance of its issuance of the original right to sue letter". Appellee's response Brief for Genesh, Inc. as Appellee at 7. There is no evidence to support such an allegation. In fact, the evidence shows otherwise. The EEOC did not find probable cause regarding Appellant's 2019 Charge/2021 RTS letter, but it did find probable cause regarding Appellant's 2016 Charge/2022 RTS letter and attempted to conciliate the 2016 Charge. Appellee knows that Appellant's 2016

Charge was in conciliation with the EEOC until the April 26, 2022, when it issued its "Conciliation Failure and Notice of Rights". If the EEOC issued a RTS letter for Appellant's 2016 Charge and 2019 Charge combined, then both case numbers would have been included on the 2021 RTS letter. Moreover, Appellant's 2016 Charge would not have been in conciliation after the date of her 2021 RTS letter if it was combined with her 2019 Charge. Finally, the EEOC assigned the same case number to Appellant's 2019 Charge/2021 RTS letter and another to her 2016 Charge/2022 RTS letter.

Although somewhat confusing, Appellee states that the EEOC's "second notice was substantively identical to the first". Appellee's response Brief for Genesh, Inc. as Appellee at 7. Appellant's 2022 RTS letter is not close to being substantively identical to her 2021 RTS letter. Appellant's 2021 RTS letter was titled "Notice of Right to Sue", and it did not make any finding. It also does not show what, if any, investigation was conducted. However, Appellant's 2022 RTS letter, based on her 2016 Charge, is titled Conciliation Failure and Notice of Rights and specifically states:

### CONCILIATION FAILURE OF CHARGE

> To the person aggrieved: This notice concludes the EEOC's processing of the above-numbered charge. The ***EEOC found reasonable cause*** to believe that violations of the statute(s) occurred with respect to ***some or all of the matters alleged in the charge but could not obtain a settlement*** with the Respondent that would provide relief for you. In addition, the ***EEOC has decided that it will not bring suit against the Respondent*** at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

[A.V. 171-172 (emphasis added)].

7

In summary, Appellant's 2016 Charge was pending when she filed her 2019 Charge, and she did not file a second charge seeking to revive any claims. Appellee does not address exhaustion or whether Appellant's 2016 Charge and 2019 Charge were based on "exactly the same facts". Appellee further does not address that Appellant's 2016 Charge/2022 RTS were assigned case number 28D-2016-00190C and Appellant's 2019 Charge/2021 RTS letter were assigned case number 563-2019-02638. Appellant ignores the titles and the text of each RTS letter. Appellee alleges, without evidence, that the EEOC investigation included both charges and resulted in the 2021 RTS letter. Appellant's lawsuit was timely filed. Plaintiff filed her lawsuit within 90 days of receiving her RTS letter for charge number 28D-2016-00190C that was issued for acts in her 2016 Charge after conciliation..

Appellee has set up the situation where had Appellant filed her lawsuit based on her 2019 Charge/2021 RTS (including allegations in her 2016 Charge), then Appellee would have argued that Appellant's 2016 Charge had not been exhausted.

### B.    Appellant's claims are not barred by res judicata.

Appellee seeks to punish Appellant for following the Judge Robinson's Order.

Appellant's Title VII claims are not barred by res judicata. Appellant's Title VII claims were not ripe because they were pending in the EEOC. Judge Robinson made it clear that Appellant's Title VII claims that could not have been brought during her 1981 case, and specifically included in her Order the following:

> The ***Court will not delay ruling*** on Burger King's motion to dismiss in this § 1981 case, which has been pending since August 19, 2019. ***Once the KHRC/EEOC's proceedings conclude, Watkins can file her claims for sexual discrimination and/or harassment under Title VII***.

[A.V. 102 FN23 (emphasis added)]. Judge Robinson was aware of Appellant's charges pending in the EEOC, and, for that reason, specifically preserved those claims in her Order. [A.V. 102 FN3].

## CONCLUSION

It would be manifestly unjust to prevent Appellant from litigating her Title VII claims in her 2016 Charge/2022 RTS letter. Appellant timely filed her Title VII lawsuit within 90 days of receiving her 2022 RTS letter. Plaintiff's Title VII claims were not barred by res judicata because they were specifically preserved by Judge Robinson.

This Court should reverse the decision dismissing Appellant's lawsuit and permit her to proceed with her lawsuit. If Appellee wants to challenge whether Appellant timely filed individual unlawful acts (exhausted individual allegations), then Appellee can make that decision at the appropriate time.

Respectfully submitted,

MCKEE LAW, L.L.C.

/s/ Aaron C. McKee

Aaron C. McKee                                          KS # 20889
MCKEE LAW, LLC
222 South Cherry Street
Olathe, Kansas 66061
Phone: (913) 768-6400
Facsimile: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com

**ATTORNEYS FOR APPELLANT**

9

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> [ **X**] this brief contains 2,978 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

> [ ] this brief uses a monospaced typeface and contains <state the number of> lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> [**X**] this brief has been prepared in a proportionally spaced typeface using **Microsoft Word for Microsoft 365 in 13 pt. Times New Roman**, or

> [ ] this brief has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

3. The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, of McAfee, LiveSafe, Microsoft Defender, updated on October 4, 2024, and according to the program are free of viruses.

Date: October 4, 2024

/s/ Aaron C. McKee

Aaron C. McKee     KS # 20889

10

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of Appellant's Reply Brief was served

and transmitted on October 4, 2024, via CM/ECF to the following:

**Myndee M. Lee**, Lee Schwalb, L.L.C., 7381 W 133rd St, Second Floor, Overland
Park, Kansas 66213, mlee@leeschwalb.com
**Charles D. Lee**, Lee Schwalb, L.L.C., 7381 W 133rd St, Second Floor, Overland
Park, Kansas 66213, clee@leeschwalb.com
**ATTORNEYS FOR DEFENDANT**
☐ US mail     ☐ Electronic Mail     ☒ CM/ECF     ☐ Facsimile


MCKEE LAW, L.L.C.

/s/ Aaron C. McKee
Aaron C. McKee                    KS # 20889
MCKEE LAW, LLC
222 South Cherry Street
Olathe, Kansas 66061
Phone: (913) 768-6400
Facsimile: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com