UNITED STATES COURT OF APPEALS
FOR THE TENTH DISTRICT

| | |
|---|---|
| KENYA WATKINS ) | |
|    Appellant ) | |
| ) | App. No. 24-3043 |
| v. ) | Case No. 2:22-CV-02273 |
| ) | |
| GENESH, INC. d/b/a BURGER KING ) | |
|    Appellee ) | |

**APPELLANT'S SUPPLEMENTAL BRIEF**

Pursuant to this Court's Order dated, January 13, 2025, Appellant Kenya Watkins ("Appellant"), by and through undersigned counsel, respectfully responds and states as follows:

This is a once in a lifetime situation, hopefully. The circumstances of this case likely will never be repeated. In her Section 1981 claims, Appellant advised Judge Robinson that her Title VII claims were pending in the EEOC. Judge Robinson unconditionally preserved Appellant's Title VII claims in her order dismissing Appellant's Section 1981 claims. Appellant's Title VII claims should be exempt from the bar of res judicata under these circumstances, and she should be given the opportunity to litigate her Title VII claims. *Wilkes* does not apply and it does not impact Appellant's Title VII claims.

*Wilkes v. Wyoming Dep't of Emp. Div. of Lab. Standards* does not apply and does not impact the present case. *See* 314 F.3d 501, 505–06 (10th Cir. 2002), as amended (Jan. 14, 2003). In *Wilkes*, the Tenth Circuit evaluated the specific facts of that case and decided that Wilkes could have (1) requested a Right to Sue letter from the EEOC and amended his complaint to add his Title VII claims, or (2) requested to stay the case until he could get a

Right to Sue letter. The Tenth Circuit, however, did not say that these were the only ways that Wilkes could have preserved his Title VII claims. In this matter, Appellant did not request a Right to Sue letter or ask Judge Robinson for a stay. Instead, Appellant advised Judge Robinson that her Title VII claims were pending in the EEOC. Unlike in *Wilkes*, in this case, Judge Robinson expressly, and without qualification, preserved Appellant's Title VII claims. Judge Robinson's order, dated April 2, 2021, specifically stated:

> The Court notes that Watkins stated in her Motion for Leave to Amend the Complaint, filed June 15, 2020, that she has ***charges pending with the EEOC***. Doc. 24 at 2. She asserts that a right to sue letter was issued but then rescinded, and that as a result, she has been unable to file her Title VII claims. *Id*. The Court will not delay ruling on Burger King's motion to dismiss in this § 1981 case, which has been pending since August 19, 2019. ***Once the KHRC/EEOC's proceedings conclude, Watkins can file her claims for sexual discrimination and/or harassment under Title VII***.

[A.V. 102 FN23 (emphasis added)]. If Appellee Genesh believed Judge Robinson's order was improper or in error, then it could have taken whatever action it felt appropriate. Judge Robinson's order shows that Appellant's Title VII claims were not fully litigated, and that her order was not a final ruling on the merits of Appellant's Title VII claims.

Although Appellant began the process to appeal Judge Robinson's order, after careful consideration, she chose not to follow through. Appellant relied on Judge Robinson's order unconditionally preserving her Title VII claims. Had Judge Robinson's order not preserved Appellant's Title VII claims, then she could have made other decisions. For example, among others, Appellant could have followed through with her appeal or filed a motion to reconsider. Moreover, Appellee did not take any action in response to Judge Robinson's order.

Not only does Judge Robinson's order unconditional preservation of Appellant's Title VII claims distinguish this case from *Wilkes*, but the facts and circumstances between *Wilkes* and this case are also different. In *Wilkes*, the parties settled the initial lawsuit. There is nothing indicating that Wilkes advised the District Court that he had claims pending in the EEOC before he settled and his case was dismissed, and there is nothing showing that the dismissal order preserved his Title VII claims. *Wilkes*, unlike this case, does not indicate that the EEOC made a cause finding; that the EEOC made related cause findings in charges filed by other individuals against Appellee/Defendant; that the EEOC intended to litigate the charges on behalf of multiple individuals; and, that the EEOC was conciliating the charges. After Wilkes' was dismissed, Wilkes also filed a satisfaction of judgment in his original case. The facts and circumstances of *Wilkes* are distinguishable, and *Wilkes* does not apply to the present circumstances.

Further distinguishable are the circumstances during which this case and *Wilkes* took place. "Different times call for different measures". At no time during *Wilkes* was there a worldwide pandemic threatening the lives, health, family, work, way of life and the financial stability of the world.

Unlike *Wilkes*, Appellant's Section 1981 claims mostly took place during a worldwide pandemic. COVID-19 was the most traumatic collective event of our lifetime. Hundreds of thousands of people lost their lives, and during this case thousands of people were dying each day. COVID-19 was declared a national emergency in the United States, resulting in: stay at home orders; social distancing; masking; business closures;

cancellation of large gatherings; and a transition to remote work for a significant portion of the U.S. population. Unless it was an essential function it was closed, delayed or postponed. This included the closing of local, state, federal courthouses, and government buildings. Except for "essential workers", businesses and streets were empty. The stress over health, family, work and finances was overwhelming. The overall toll on mental and physical health was significant. COVID-19 cost the country trillions of dollars. The impact of COVID-19 was significant. People were suffering from, among other things, depression, anxiety, fatigue, memory problems, loneliness and fear. Priorities were health, safety and well-being. In fact, COVID-19 specifically impacted and altered the schedule and deadlines in Appellant's Section 1981 case.

    The circumstances in this case hopefully will never be repeated. It was a time of great uncertainty, miscommunications and misunderstandings during a once in a lifetime pandemic. In this case, the KHRC and the EEOC made cause findings. The EEOC issued a Right to Sue letter and then rescinded it. The EEOC intended to litigate multiple claims on behalf of multiple individuals.[1] There was chaos caused by COVID-19. Appellant advised Judge Robinson that her Title VII claims were pending in the EEOC. Judge Robinson acknowledged and specifically and unconditionally preserved Appellant's Title VII claims. Whether Appellant could have gotten a Right to Sue letter or requested a stay

---

[1] There was more than Kenya Watkins making claims against Genesh. The docket shows member cases 2:22−cv−02216−KHV−BGS, 2:22−cv−02273−KHV−BGS, and 2:22−cv−02275−KHV−KGG. There were also other cases brought by other attorneys. Unbeknownst to Appellant, on or about September 30, 2024, the EEOC did file a complaint against Genesh for the same behavior alleged by Appellant in the Kansas Federal Court that was assigned case number 2:24-cv-02445-DDC-ADM.

Appellant's Supplemental Brief on *Wilkes*
*Kenya Watkins v Genesh;* App. Case No. 24-3043
Page 4 of 7

seems irrelevant under these circumstances when she advised Judge Robinson of her pending claims, and Judge Robinson chose to unconditionally preserve her Title VII claims. It is clear that Judge Robinson did not intend for her order dismissing Appellant's Section 1981 claims was a final resolution on the merits of Appellant's Title VII claims.

A lot of things changed during COVID-19. Cases were paused, rules were changed, appearances were canceled, deadlines were extended, and people had to learn how to work remotely with others that were also working remotely. People were struggling. COVID-19 further created a financial crisis for individuals and the government. Except for the delays and uncertainties caused by COVID-19, this likely would not have been an issue. Here, unlike in *Wilkes*, Appellant acted before her Section 1981 claims were dismissed. She advised Judge Robinson that she had Title VII claims pending in the EEOC. And, again, unlike the District Judge in *Wilkes*, Judge Robinson unconditionally preserved Appellant's Title VII claims. Appellant relied on Judge Robinson's order and acted accordingly. Appellee stayed silent on her order. *Wilkes* does not apply, and should have no impact on this case

Appellee Genesh has not been prejudiced in any way. Appellant was not seeking, and was not given, an unlawful advantage. Appellee had notice of Appellant's Title VII claims and was participating in the EEOC proceedings. She advised Judge Robinson that she had Title VII claims pending in the EEOC. If Appellee disagreed, then it could have done something at the time. Moreover, Appellant's Section 1981 case did not even begin discovery. No written discovery was propounded, and no depositions were taken.

In the interests of justice, Appellant should be permitted to litigate her Title VII claims. It is not fair or equitable to try to evaluate, recreate or second guess things that occurred during a worldwide pandemic when the country was shuttered, and the world was on pause. Appellant advised Judge Robinson that her Title VII claims were pending in the EEOC. When Judge Robinson dismissed Appellant's Section 1981 claims she specifically unconditionally preserved Appellant's Title VII claims. Appellant relied on Judge Robinson's order in choosing not to take other action.

Appellee does not want to have to address the merits of Appellant's claims. Instead, it wants to be rewarded with a technical victory. Appellee has never denied that Judge Robinson preserved Appellant's Title VII claims. Appellee did not challenge Judge Robinson's order, and Appellee has not claimed that Judge Robinson's order was intended to be a final resolution of Appellant's Title VII claims.

WHEREFORE, *Wilkes* does not apply and should have no impact on this case. It would be manifestly unjust to prevent Appellant from litigating her Title VII claims. Judge Robinson's order was not intended to be a final resolution of her Title VII claims. Appellant's Title VII claims were expressly preserved. The District Court's Order should be reversed and remanded so that Appellant may litigate her Title VII claims.

    Respectfully submitted,

    MCKEE LAW, L.L.C.

    /s/ Aaron C. McKee
    Aaron C. McKee    KS # 20889
    MCKEE LAW, LLC
    222 South Cherry Street

Olathe, Kansas 66061
Phone: (913) 768-6400
Facsimile: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com

**ATTORNEY FOR APPELLANT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify a true and correct copy of the foregoing was served and transmitted via CM/ECF on January 17, 2025, to the following:

***Myndee M. Lee***, 7381 W 133rd St, Second Floor, Overland Park, Kansas 66213, mlee@leeschwalb.com

***Charles D. Lee***, Lee Schwalb, L.L.C., 7381 W 133rd St, Second Floor, Overland Park, Kansas 66213, clee@leeschwalb.com

**ATTORNEYS FOR DEFENDANT**

                                      /s/ Aaron C. McKee