No. 24-3043

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

KENYA WATKINS,

Plaintiff-Appellant

v.

GENESH, INC., DBA BURGER KING,

Defendant-Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

The Honorable Judge Kathryn H. Vratil - No. 2:22-CV-02273-KHV-BGS

SUPPLEMENTAL BRIEF FOR GENESH, INC. AS APPELLEE

Charles D. Lee, KS Bar 10277
Myndee M. Lee, KS Bar No. 20365
6731 West 121st - Suite 421
Overland Park, KS 66209
V 913.601.7708
clee@leeschwalb.com
mlee@leeschwalb.com
Attorneys for Defendant/Appellee

## TABLE OF CONTENTS

1.  Table of Authorities..................................................................................ii

2.  Introduction................................................................................................1

3.  Facts............................................................................................................2

4.  Procedural History......................................................................................2

5.  Legal Issues................................................................................................3

6.  Holdings.....................................................................................................3

7.  Reasoning...................................................................................................4

8.  Application to Watkins' Claims.................................................................5

    a.  Identical Transactional Facts...........................................................5

    b.  The Second Right-to-Sue Letter Is Irrelevant for Claim Preclusion Analytical Purposes..........................................................................6

    c.  Policy Considerations......................................................................6

9.  Conclusion..................................................................................................7

10. Certificate of Service..................................................................................7

## TABLE OF AUTHORITIES

**CASES**

*Wilkes v. Wyoming Dep't of Employment, Div. of Labor Standards*, 314 F.3d 501 (10th Cir. 2002) ...............................................................1, passim

*Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir. 1992).............................4

*Herrmann v. Cencom Cable Assoc.*, 999 F.2d 223 (7th Cir. 1993)................4

**STATUTES**

42 U.S.C. §1981.................................................................................................5

42 U.S.C. § 2000e-(f)(1)....................................................................................7

**OTHER AUTHORITIES**

Restatement (Second) of Judgments.........................................................4

UNITED STATES DISTRICT COURT OF APPEALS
FOR THE TENTH DISTRICT

| | |
|---|---|
| KENYA WATKINS,<br><br>   Appellant,<br><br>v.<br><br>GENESH, INC.,<br><br>   Appellee. | App. No. 24-3043<br>Case No. 2:22-CV-02273 |

**APPELLEE'S SUPPLEMENTAL BRIEF**

Pursuant to this Court's Order for supplemental briefing, Appellee Genesh, Inc. submits this memorandum addressing the implications of *Wilkes v. Wyoming Dep't of Employment, Div. of Labor Standards*, 314 F.3d 501 (10th Cir. 2002), on the resolution of the claim preclusion defense raised in this case.

**I. INTRODUCTION**

*Wilkes* reinforces the applicability of the doctrine of claim preclusion in employment-related litigation where claims arise from the same transactional nucleus of facts. The *Wilkes* court held that all claims stemming from the employment relationship must be brought together in a single action to avoid successive litigation. Applying the *Wilkes* framework here demonstrates that Appellant's claims are barred by claim preclusion, as they

Appellate Case: 24-3043     Document: 45     Date Filed: 01/17/2025     Page: 5

In the 10th Circuit Court of Appeals
*Watkins v. Genesh, Inc.*
App. No. 24-3043
Appellee's Supplemental Brief
P a g e | **2**

arise from the same facts underlying her prior dismissed lawsuit against Genesh, Inc.

## II.   FACTS

Lorna Wilkes worked as a compliance officer for the Wyoming DOE from 1990 until March 2000. In 1999, Wilkes applied for a lead compliance officer position but was passed over in favor of a probationary employee allegedly chosen due to a romantic relationship with the hiring supervisor. Wilkes claimed she faced retaliation after reporting her concerns, including harassment, negative performance evaluations, and a retaliatory work plan.

## III.   PROCEDURAL HISTORY

Wilkes originally filed a complaint in federal court alleging gender-based wage discrimination under the Equal Pay Act and retaliation and deprivation of rights under 42 U.S.C. § 1983. The case was settled with Wilkes accepting a Rule 68 settlement offer, and judgment was entered in October 2000.

In 2001, Wilkes filed a second lawsuit after receiving her EEOC right-to-sue letter, alleging Title VII violations (gender discrimination and retaliation) and violations of the Wyoming Fair Employment Practice Act.

Appellate Case: 24-3043     Document: 45     Date Filed: 01/17/2025     Page: 6

In the 10th Circuit Court of Appeals
*Watkins v. Genesh, Inc.*
App. No. 24-3043
Appellee's Supplemental Brief
P a g e | 3

In respect to the second lawsuit, the Wyoming DOE filed a motion for judgment based on claim preclusion (res judicata). The district court converted it to a summary judgment motion and ruled in favor of the defendant, barring Wilkes' claims.

## IV.   LEGAL ISSUES

The *Wilkes* court was presented with two fundamental legal issues. First, did the doctrine of res judicata bar Wilkes' second lawsuit on Title VII and state law claims arising from the same employment relationship as her first lawsuit? Second, should Wilkes' inability to bring her Title VII claim earlier (due to awaiting an EEOC right-to-sue letter) exempt her from the claim preclusion doctrine?

## V.   HOLDINGS

This Court held that Wilkes' Title VII claims were barred under the doctrine of res judicata, as her second lawsuit arose from the same employment relationship addressed in the first lawsuit. The decision emphasized that all claims related to the same transaction (employment relationship) must be brought together.

Appellate Case: 24-3043     Document: 45     Date Filed: 01/17/2025     Page: 7

In the 10th Circuit Court of Appeals
*Watkins v. Genesh, Inc.*
App. No. 24-3043
Appellee's Supplemental Brief
P a g e | 4

The court rejected Wilkes' argument that the delay in obtaining a right-to-sue letter exempted her claims noting that Wilkes could have sought a right-to-sue letter 180 days after filing her EEOC complaint or, alternatively, she could have requested a stay in the district court until the EEOC process concluded.

## VI. REASONING

The court reaffirmed the transactional test from the RESTATEMENT (SECOND) OF JUDGMENTS, holding that a "cause of action" includes all claims arising from the same transaction. Precedent in the Tenth Circuit treats all claims arising from the same employment relationship as part of a single transaction. "This court repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.'" *Id.* at 504. The decision observed that other circuits had similarly upheld res judicata for Title VII claims in similar contexts (e.g., *Woods v. Dunlop Tire Corp.* 972 F.2d 36 and *Herrmann v. Cencom Cable Assoc. 999 F.2d 223*). The *Wilkes* court underscored the policy goals of finality and efficiency, preventing piecemeal litigation over the same underlying facts.

Appellate Case: 24-3043     Document: 45     Date Filed: 01/17/2025     Page: 8

In the 10th Circuit Court of Appeals
*Watkins v. Genesh, Inc.*
App. No. 24-3043
Appellee's Supplemental Brief
P a g e | 5

## VII.    APPLICATION TO WATKINS' CLAIMS

### A. Identical Transactional Facts

Similar to *Wilkes*, Watkins' current claims arise from the same employment relationship and transactional nucleus of facts as her prior lawsuit. Both suits involve allegations of discrimination and harassment during her employment with Genesh, Inc., from 2014 to 2015. The first lawsuit, alleging racial discrimination under 42 U.S.C. § 1981, was dismissed with prejudice. Watkins now seeks to relitigate these facts under the guise of sex discrimination claims.

Under the transactional approach adopted in *Wilkes*, this factual overlap renders her current claims precluded. As posited in Appellee's primary brief: "*[R]es judicata* bars Plaintiff's claims because this case is simply an attempt to resurrect an earlier one, also dismissed by the trial court, which alleged the same facts asserted here but packaged the claims under the rubric of racial discrimination." *ECF 27 at 4*.

Appellate Case: 24-3043     Document: 45     Date Filed: 01/17/2025     Page: 9

In the 10th Circuit Court of Appeals
*Watkins v. Genesh, Inc.*
App. No. 24-3043
Appellee's Supplemental Brief
P a g e | **6**

## B. The Second Right-to-Sue Letter Is Irrelevant for Claim Preclusion Analytical Purposes

Watkins' argument based on the issuance of a second right-to-sue letter fails under the framework established in Wilkes. The claims she now asserts are grounded in the same core facts and stem from the same employment relationship that underpinned her prior lawsuit alleging racial discrimination. Consequently, the second right-to-sue letter does not alter the claim preclusion equation. Allowing Watkins to pursue her Title VII sexual harassment claims based on previously adjudicated facts and a redundant right-to-sue letter would contravene established claim preclusion principles and undermine established paradigms in relation to statutory deadlines and the finality of litigation.

## C. Policy Considerations

As in *Wilkes*, permitting Watkins' successive claims would:

1. Undermine judicial efficiency by encouraging piecemeal litigation;

2. Contravene the principle of finality in judgments; and

3. Prejudice defendants by subjecting them to repetitive litigation based on identical facts.

Appellate Case: 24-3043    Document: 45    Date Filed: 01/17/2025    Page: 10

In the 10th Circuit Court of Appeals
*Watkins v. Genesh, Inc.*
App. No. 24-3043
Appellee's Supplemental Brief
P a g e | 7

## VIII. CONCLUSION

*Wilkes* clearly supports the application of claim preclusion to bar Watkins' current lawsuit. This Court should uphold the district court's dismissal of Watkins' claims as untimely under 42 U.S.C. § 2000e-5(f)(1) and further determine that her claims are barred due to her failure to consolidate all related claims into a single proceeding. A contrary ruling would undermine established precedent and compromise the judicial objectives of efficiency and finality.

> Respectfully submitted,
>
> LEE SCHWALB, LLC
>
> /s/ Charles D. Lee
> Charles D. Lee, Sup. Ct. No. 10277
> Myndee M. Lee, Cup Ct. No. 20365
> Post Office Box 23101
> Overland Park, KS 66283
> V. 913.601.7709 | F. 913.871.3129

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that that on January 17, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> /s/ Charles D. Lee
> Charles D. Lee, Sup. Ct. No. 10277